A01A2159. GRAY v. THE STATE.
(556 SE2d 194)

PHIPPS, Judge.

Clarence Gray was convicted of trafficking in cocaine and possession of marijuana after the police found contraband in his car. Gray claims the trial court should have granted his motion to suppress

because the police officers exceeded the scope of a reasonable investigative stop. We disagree and affirm.

The record shows that a confidential informant told Investigator Fred Wood of the Albany Police Department that Gray would be driving a blue Chevrolet station wagon containing two kilograms of cocaine along the Moultrie Highway on his way to Albany between 6:00 and 8:00 the next morning. The informant had never given Wood information before.

The following morning, Wood and three other police officers stationed themselves along the Moultrie Highway. When Wood saw a blue station wagon pass by around 7:00 a.m., he radioed Investigator Reggie French, who was waiting up the road in a marked police car. As the station wagon passed French, it was speeding, weaving, and making an improper lane change. French activated his blue lights and stopped the car.

French examined the driver's license and confirmed that the driver was Gray. French issued Gray a warning citation for the traffic violations and returned his driver's license. French then asked Gray if there were any drugs, weapons, or illegal currency in the car, and Gray said no. French sought consent to search the car, but Gray refused.

A few minutes later, Investigator Kelvin Casey arrived at the scene with a drug dog. Casey led the dog around Gray's car, and the dog alerted positively. French searched the car and found a shoebox full of cocaine behind the driver's seat.[1]

Gray does not challenge the legality of the initial stop to investigate the traffic violations that French observed.[2] He argues, rather, that the purpose of the stop concluded after French issued the warning citations and returned his driver's license and that his continued detention was illegal. Thus, the question is whether French was justified in momentarily detaining Gray pending the arrival of the drug dog.

The police may briefly detain a person if they have specific, articulable facts that give rise to a reasonable suspicion of criminal conduct.[3] Although a tip provided by an informant of unknown reliability generally does not create a reasonable suspicion of criminal activity, reliability can be established if the tip contains sufficient details to provide a basis for predicting the suspect's future behavior

---

[1] Although Gray also was charged with marijuana possession, marijuana was not mentioned at the motion to suppress hearing. The record does not contain a transcript of the trial.

[2] See *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997) (when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop).

[3] *Tran v. State*, 246 Ga. App. 153, 155 (1) (539 SE2d 862) (2000).

and the police are able to corroborate those details through observation.[4]

In this case, the confidential informant told Wood that a specific person would be driving a specific vehicle at a specific time on a specific road with a specific amount and kind of contraband. The police were able to verify that a car meeting the informant's description was traveling along the specified route at the specified time. After French stopped the car for the traffic infractions he observed, he confirmed that the name of the driver was the one given by the informant. Thus, before further detaining Gray, French corroborated every detail of the informant's tip except the presence of cocaine in the car.

Gray cites *State v. Cunningham*,[5] in which the police had received information from an unknown source that a particular car would be driving north from Atlanta on Highway 441, would be occupied by a white female and possibly a white male, and might contain methamphetamine. The police spotted the car, saw that the driver failed to maintain the proper lane and that the passenger was not wearing a seat belt, and stopped the car. After issuing courtesy warnings for the traffic violations, the police led a drug dog around the car and later discovered methamphetamine inside. We ruled that the traffic stop had concluded after issuance of the courtesy warnings and that the continued detention of the motorists could be justified only by reasonable suspicion of *other* criminal activity. The information received by the police in *Cunningham* did not give rise to a reasonable suspicion because it contained no specific, articulable facts suggesting criminal activity on the part of the car's occupants.

In this case, however, the confidential informant's tip contained not only a description of the car and a prediction of its route and time of travel, but also the driver's name and the amount and type of contraband that would be in the car. These details show that the confidential informant had the kind of "inside information" about Gray's activities necessary to overcome the presumption that his or her tip was not reliable. Thus, this case is distinguishable from *Cunningham* and the other cases cited by Gray.[6] The trial court did not err in denying the motion to suppress.[7]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[4] *Gordon v. State*, 242 Ga. App. 50, 52 (1) (528 SE2d 838) (2000).

[5] 246 Ga. App. 663 (541 SE2d 453) (2000).

[6] See, e.g., *McSwain v. State*, 240 Ga. App. 60, 64 (522 SE2d 553) (1999) (broadcast over police radio to be on the lookout for a certain car with a certain number of occupants traveling north on I-95 toward one of the Carolina states that might contain unspecified contraband in the trunk did not provide reasonable suspicion for stop of vehicle).

[7] See, e.g., *Tran*, supra; *Edgerton v. State*, 237 Ga. App. 786, 789 (516 SE2d 830) (1999).

DECIDED NOVEMBER 5, 2001.

*Brimberry, Kaplan & Brimberry, Mark D. Brimberry*, for appellant.

*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.

