A02A2441. THE STATE v. SWORDS.
(575 SE2d 751)

PHIPPS, Judge.

Following a traffic stop, Joshua Swords was charged with DUI, possession of alcohol by an underage person, and improper tag display. Swords moved to suppress evidence supporting the charges, challenging the legality of the traffic stop and his subsequent detention. The trial court granted the motion, ruling that, although the stop was valid, the search was the product of an illegal detention. The State appeals. We affirm.

In reviewing a trial court's order on a motion to suppress evidence, we construe the evidence most favorably to upholding the trial

court's findings and judgment.[1] The trial court's application of the law to undisputed facts is subject to de novo appellate review.[2]

Construed in accordance with the applicable standard, evidence introduced at the hearing on the motion to suppress showed that Officer Bragel of the Peachtree City Police Department stopped Swords, believing that he had no tag on his truck. Upon conducting a closer inspection after getting out of his car, Bragel was able to see that Swords's truck had a valid temporary drive-out tag. Bragel nonetheless decided to continue his investigation by approaching Swords and asking for his driver's license and proof of insurance. Upon speaking to Swords, Bragel detected a strong odor of an alcoholic beverage. Based on these facts, the trial court concluded that Bragel exceeded the permissible scope of the stop by continuing his investigation after determining that Swords's truck had a valid tag and that his subsequent detention of Swords was therefore illegal.

The trial court correctly applied the law to the facts. "An officer who questions and detains a suspect for reasons other than those connected with the original purpose of the stop exceeds the scope of permissible investigation unless he has 'reasonable suspicion' of other criminal activity. [Cit.]"[3]

> While a reasonable investigative stop does not offend against the Fourth Amendment, a *Terry* stop is subject to strict boundaries regarding duration, intent, and scope. Such a stop has been described by this court as a brief stop, limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. [Cit.][4]

" 'Further, an officer who questions and detains a suspect for other reasons exceeds the scope of permissible investigation unless he has reasonable suspicion of other criminal activity.' [Cit.]"[5]

The State claims that even if the initial purpose for a valid traffic stop has been satisfied, an officer may continue the investigation and detention in order to determine whether the operator of a vehicle has a valid driver's license and proof of insurance. The State argues that Georgia statutory law (OCGA §§ 40-5-29 and 40-6-10) requires

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[3] *State v. Gibbons*, 248 Ga. App. 859, 863 (2) (547 SE2d 679) (2001); see *Henderson v. State*, 250 Ga. App. 278, 280 (551 SE2d 400) (2001) (physical precedent only).

[4] *State v. Cunningham*, 246 Ga. App. 663, 665 (541 SE2d 453) (2000).

[5] Id.

such an investigative procedure. We find no merit in this argument. OCGA § 40-5-29 (a) and (b) require a person to have his driver's license in his possession when operating a motor vehicle and to display the license upon the demand of a law enforcement officer. In turn, OCGA § 40-6-10 requires every law enforcement officer in this state to request the operator of a motor vehicle to produce proof or evidence of required minimum insurance coverage every time the law enforcement officer asks a driver to present his license. These statutes do not, however, attempt to delineate the circumstances under which a law enforcement officer may stop or detain an individual and demand a driver's license and proof of insurance.

Bragel was authorized to stop Swords because he reasonably suspected that Swords's vehicle bore an invalid tag. Absent such suspicion, Bragel would not have been authorized to stop Swords merely to request that he display his driver's license and produce proof of insurance.[6] Once the suspicion of unlawful conduct evaporated, Bragel was not authorized to continue the detention in order to investigate other, potential violations of the law.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 16, 2002.

*Steven L. Harris, Solicitor-General,* for appellant.
*Jay M. Jackson, George C. Creal, Jr.,* for appellee.

---

[6] See *Delaware v. Prouse,* 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979).