## A03A0012. THE STATE v. COOPER.
### (579 SE2d 754)

PHIPPS, Judge.

The trial court granted Nelson Cooper's motion to suppress marijuana that was found in a car in which he was a passenger after the car had been stopped for traffic violations. The State appeals, claiming that, as a mere passenger, Cooper lacked standing to challenge the search of the car. We find that Cooper had standing to challenge his own detention resulting from the illegally prolonged stop, but that the marijuana was not "poisonous fruit" of that detention. Accordingly, we reverse.

In reviewing the trial court's order on a motion to suppress, we construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1] We review the trial court's factual findings for clear error, but we review de novo the application of the law to those facts.[2]

The record shows that at approximately 2:00 a.m. on March 3, 2002, Houston County Deputy Sheriff James Williams saw a car driving without a tag light. As he caught up with the car, it crossed the centerline several times. Williams stopped the car, which had three people inside. He spoke with the driver, Diane Rawls, who told him that she owned the car and that she had crossed the centerline because she was tired. He gave her two warning citations for weaving and driving without a tag light and returned her driver's license to her.

Williams then began a new investigation and asked Rawls whether she had any contraband in her car. He testified that he had no reason to believe there was contraband, except that Rawls was "acting very nervous." He sought her consent to search the car, and she gave it.

Before searching the car, Williams asked Cooper, the front seat passenger, for identification, which Cooper produced. Williams called in Cooper's name to police dispatch and learned that there were outstanding warrants for his arrest. Williams then arrested Cooper on those warrants. Next, Williams searched the car and found plastic

---

[1] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[2] *State v. Thompson*, 256 Ga. App. 188 (569 SE2d 254) (2002).

bags containing marijuana on the floor of both the front and rear passenger areas.

At the time of his arrest, Cooper was serving a probated sentence for a 1998 conviction of theft by receiving stolen property. After the arrest, the State filed a petition to revoke his probation on the grounds that he had committed the offense of possession of marijuana with intent to distribute and had failed to complete a drug and alcohol rehabilitation program.

In connection with the probation revocation proceeding, Cooper moved to suppress the marijuana found in Rawls's car, arguing that it was the tainted fruit of an illegal detention and search. After a hearing, the trial court denied Cooper's motion, finding that he lacked standing to challenge the search of the car "because he was a passenger in the car and asserted no possessory interest in the car or any property within the car." Upon Cooper's motion for reconsideration, however, the court granted his motion to suppress based on our recent decision in *Gonzales v. State*.[3]

1. First, we consider the State's argument that Cooper lacked standing to challenge the search of Rawls's car. As the State points out, this threshold issue must be resolved before we examine the validity of the search.[4]

A passenger who asserts no possessory interest in the car or the items found within it has no standing to challenge a search of the car directly.[5] But, as we ruled in *Migliore v. State of Ga.*,[6] "[s]tanding to contest the search [of the car] and standing to contest the *Terry* seizure and detention are separate and distinct questions, and different privacy interests are involved."[7] A passenger does have standing to challenge the stop and detention of the car because, as other courts have recognized,

> the interest in freedom of movement and the interest in being free from fear and surprise are personal to all occupants of the vehicle, and an individual's interest is not diminished simply because he is a passenger as opposed to the driver when the stop occurred.[8]

Because a passenger has standing to challenge his own detention,

---

[3] 255 Ga. App. 149 (564 SE2d 552) (2002).

[4] See *State v. Jackson*, 243 Ga. App. 330, 331 (533 SE2d 433) (2000).

[5] *Gilbert v. State*, 245 Ga. App. 809, 810 (539 SE2d 506) (2000), citing *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978).

[6] 240 Ga. App. 783, 787 (525 SE2d 166) (1999).

[7] (Footnote omitted.) Id. (driver of rental van had standing to contest *Terry* stop of van, even though he lacked standing to challenge search of van directly).

[8] *United States v. Kimball*, 25 F3d 1, 5 (1st Cir. 1994).

courts overwhelmingly have concluded that the passenger also may seek to suppress the fruits of his illegal detention.[9] Following precedent from other jurisdictions, we hold that Cooper had standing to challenge his own detention and the subsequent search of Rawls's car.

2. The trial court found that the stop was invalid based on our ruling in *Gonzales v. State*.[10] In *Gonzales*, sheriff's deputy Chad Payne stopped a car driven by Maria Hernandez because its license plate was partially obscured. After issuing Hernandez a warning for that violation, Payne returned her driver's license and insurance card to her. He then asked her additional questions about contraband in her car and sought consent to search, which Hernandez eventually gave. The search yielded marijuana. Both Hernandez and her passenger, Jose Gonzales, moved to suppress the marijuana. The trial court denied the motion, but we reversed. We reasoned:

> The evidence indisputably shows that when Payne returned Hernandez's license and insurance card, the initial traffic stop based on the obscured license plate had concluded. Once a routine traffic stop has ended, an officer must have either valid consent or reasonable suspicion of criminal conduct before conducting additional questioning and searching a vehicle. Payne testified that his reasonable suspicion was based solely on the fact that Hernandez and Gonzales seemed extremely nervous. But nervousness alone is not sufficient to establish reasonable suspicion to detain and investigate for illicit drug activity.[11]

We rejected the State's argument that reasonable suspicion was not required because Hernandez consented to the continued questioning, finding that "[u]nder the circumstances, . . . a reasonable person would not have felt free to disregard the police and go about her business."[12] Because Hernandez's consent resulted from illegal

---

[9] See id.; *United States v. Green*, 275 F3d 694, 699 (8th Cir. 2001); *United States v. DeLuca*, 269 F3d 1128, 1132 (10th Cir. 2001); *United States v. Carter*, 14 F3d 1150, 1154 (6th Cir. 1994); *State v. Bowers*, 334 Ark. 447, 450-451 (976 SW2d 379) (1998); *State v. Gomez*, 198 Ariz. 61, 62 (6 P3d 765) (App. 2000); *State v. Haworth*, 106 Idaho 405 (679 P2d 1123) (1984); *State v. Takesgun*, 89 Wn. App. 608, 611 (949 P2d 845) (1998); see also *State v. Blair*, 239 Ga. App. 340 (521 SE2d 380) (1999) (affirming trial court's grant of passenger's motion to suppress marijuana found in car after it was stopped for being driven with dealer drive-out tag, without addressing question of passenger's standing); compare *Ballard v. State*, 216 Ga. App. 315 (454 SE2d 200) (1995) (concluding that passenger lacked standing to argue that stop of car – which led to discovery of contraband inside – was pretextual because passenger claimed no possessory interest in either car or contraband).

[10] Supra.

[11] (Footnotes omitted.) Id. at 150.

[12] (Footnote omitted.) Id.

continued detention, it was invalid, and the fruits of the search should have been suppressed in Gonzales's criminal prosecution.[13]

In this case, Williams's initial stop of Rawls's car to investigate the absence of a tag light and her weaving on the roadway unquestionably was valid.[14] By holding that *Gonzales* was controlling, the trial court implicitly found that the detention became unlawful when Williams embarked on a new investigation for contraband that was not supported by reasonable suspicion, and that Rawls's consent to search her car was not valid because she did not know she was free to leave. We accept those findings because they are not clearly erroneous.

The fact that Cooper's detention was illegally prolonged, however, does not automatically require suppression of the results of the subsequent search. The marijuana is not "fruit of the poisonous tree" simply because it would not have been found but for the illegally prolonged detention.[15] The question, rather, is " 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' [Cit.]"[16]

Cooper was arrested on outstanding warrants before the search took place, and he has not challenged the legality of his arrest. It is well established that when police lawfully arrest the occupant of a car, they may, as a contemporaneous incident of that arrest, search the passenger compartment of the car.[17] Thus, we must determine whether Cooper's arrest sufficiently attenuated the connection between his illegal detention and the search of the car. Relying on *Ruffin v. State*[18] and *Oliver v. State*,[19] we hold that it did.

In *Ruffin*, a police officer stopped Ruffin because he was loitering near a crack house. The officer patted Ruffin down and found no drugs or weapons, but a routine computer check revealed an outstanding warrant for his arrest. Ruffin was arrested, and the police later found cocaine in his jacket pocket and in the patrol car that took

---

[13] We note that although *Gonzales* involved a passenger's challenge to an automobile search, that case did not address the issue of the passenger's standing, presumably because the State did not raise it.

[14] See *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000) (traffic stop to investigate tag light violation was justified); *State v. Bowen*, 231 Ga. App. 95, 96 (498 SE2d 570) (1998) (traffic stop of car that was weaving was valid).

[15] See *Wong Sun v. United States*, 371 U. S. 471, 487-488 (83 SC 407, 9 LE2d 441) (1963).

[16] Id. at 488.

[17] *State v. Elliott*, 205 Ga. App. 345, 346 (422 SE2d 58) (1992), quoting *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981).

[18] 201 Ga. App. 792, 794-795 (2) (a) (412 SE2d 850) (1991).

[19] 232 Ga. App. 816, 821 (3) (a) (503 SE2d 28) (1998).

him to jail. We held that although Ruffin's initial detention was unlawful, the officer's discovery of a valid outstanding arrest warrant

> attenuated the connection between the illegal stop and the search that revealed the evidence . . . , thereby rendering that evidence admissible. To hold otherwise would effectively render the outstanding warrant invalid because of police conduct unrelated to its issuance, and would immunize [Ruffin] from arrest for past conduct already properly determined to constitute probable cause for his arrest. . . . Since the warrant was valid, [Ruffin's] arrest pursuant thereto was lawful, and he was lawfully searched incident to that arrest.[20]

In *Oliver*, the police stopped Oliver's car for an unspecified illegal reason. During the stop, the officer ran a license plate check, which erroneously showed that the car was stolen. The officer arrested Oliver and then discovered that she was wanted for armed robbery. At the police station, Oliver confessed to armed robbery. She tried to suppress the confession as the tainted fruit of her illegal stop. Citing *Ruffin*, we held that suppression was not required because Oliver's arrest based on the stolen car report sufficiently attenuated the connection between the illegal stop and her subsequent confession.[21]

Here, as in *Ruffin* and *Oliver*, the police officer's intervening arrest of Cooper on outstanding warrants weakened the link between his illegally prolonged detention and the subsequent search of the car. That the officer already had decided to search the car illegally before discovering the outstanding warrants does not change this result.[22] Once the warrants came to light, the search became justifiable as a search incident to Cooper's arrest, and the taint was cleansed. Therefore, under the facts of this case, the trial court should not have suppressed the fruits of the search.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 27, 2003 —
RECONSIDERATION DENIED MARCH 17, 2003 — 

---

[20] *Ruffin*, supra at 794-795 (2) (a).

[21] *Oliver*, supra. Oliver did not challenge the legality of her arrest based on incorrect information, so we did not reach that issue.

[22] See *Whren v. United States*, 517 U. S. 806, 813 (116 SC 1769, 135 LE2d 89) (1996) (police officer's subjective intent irrelevant in Fourth Amendment analysis; focus is on whether officer had probable cause to search).

*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellant.
*Angela M. Coggins*, for appellee.