### A03A0270. TILLER v. THE STATE.
(582 SE2d 536)

RUFFIN, Presiding Judge.

Eugene Tiller was charged with several firearm-related offenses after the police found a gun in a car in which Tiller had been riding. Tiller moved to suppress evidence of the gun, asserting that he had been unlawfully detained. The trial court denied the motion, and Tiller appeals. For reasons that follow, we reverse.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to upholding the findings and judgment of the trial court.[1] We defer to the trial court's findings on disputed facts and credibility assessments if there is any evidence to support them.[2] However, "[t]he trial court's application of the law to undisputed facts is subject to de novo appellate review."[3]

The record demonstrates that on November 27, 2001, Cobb County Police Officer Pandis stopped a car in which Tiller was a passenger because the car's license tag was obscured. The driver, Aaron Colton, did not have his driver's license, and Pandis issued a citation. However, Pandis permitted Colton to call his mother and ask her to bring the license, which she did. Pandis testified that he "released [Colton] at that time."

However, Colton was not allowed to leave the scene. According to Pandis, he recognized Colton from a fight that Colton had been involved in several weeks earlier. After Pandis intervened in the fight, someone at the fight told him that Colton "was actively involved in drug sales" and that the fight stemmed from a drug deal.[4] With this in mind, Pandis asked Colton for consent to search his car. Colton said "no" and accused Pandis of harassing him. Pandis then

---

[1] See *Allenbrand v. State*, 217 Ga. App. 609 (458 SE2d 382) (1995).
[2] See id.
[3] *State v. Swords*, 258 Ga. App. 895, 896 (575 SE2d 751) (2002).
[4] Pandis could not recall the individual's name during the hearing on Tiller's motion to suppress and merely described him as a "concerned citizen" between the ages of 18 and 25.

detained Colton for approximately 15 minutes while he called for a drug dog from a K-9 unit to perform a search around Colton's car.

At some point during the stop, Pandis asked Tiller to exit the car. Tiller took off his coat, which he put on the back seat of the car. Pandis patted down Tiller and Colton and took Tiller's date of birth and Social Security number. When the drug dog arrived, it alerted on the car. During the subsequent search of the car, the officers also searched Tiller's jacket and found a pistol in one of the pockets.

Tiller moved to suppress the evidence, arguing that Pandis lacked articulable suspicion to detain him. The trial court denied the motion, concluding that Tiller had not been illegally detained. We disagree with the trial court.

The Fourth Amendment protects citizens against unreasonable searches and seizures.[5] And "[r]easonableness . . . is measured in objective terms by examining the totality of the circumstances."[6] With regard to traffic stops, once the stop has ended, it is unreasonable for a law enforcement officer to continue to detain the car and question its occupants absent reasonable suspicion that the occupants have been or are about to be engaged in some criminal venture.[7] Such reasonable suspicion requires specific, articulable facts, which provide a basis for concluding that those detained are involved in criminal activity.[8]

Here, the State contends that Pandis was justified in detaining Colton after the traffic stop had ended because "Pandis had information from a concerned citizen that [Colton] earned his living as a drug dealer." The State further argues that, even if Colton was unlawfully detained, "Tiller has no standing to complain" because he was a mere passenger.[9] We address each contention in turn.

It is true that concerned citizens are considered under the law to have a certain degree of credibility and are generally deemed reliable.[10] However, before an informer may be considered a concerned citizen, there must be some evidence presented to the factfinder that the tipster merits such status.[11] The only information the record con-

---

[5] See *Padron v. State*, 254 Ga. App. 265, 268 (1) (562 SE2d 244) (2002).

[6] (Punctuation omitted.) Id.

[7] See id.; *Swords*, supra; *State v. Cunningham*, 246 Ga. App. 663, 665 (541 SE2d 453) (2000).

[8] See *Padron*, supra.

[9] We note that the gun was found in the jacket Tiller had been wearing. However, Tiller disclaimed ownership of the jacket, which the State characterizes as "abandoned." As Tiller fails to address this argument, we decline to address the merits of the State's argument in this regard.

[10] See *Hudson v. State*, 253 Ga. App. 210, 211 (558 SE2d 420) (2001); *Penny v. State*, 248 Ga. App. 772, 775 (2) (b) (547 SE2d 367) (2001) ("a law-abiding concerned citizen has a built-in credibility and is deemed to be reliable").

[11] See *Davis v. State*, 214 Ga. App. 36, 37 (447 SE2d 68) (1994).

tains regarding the anonymous tipster is that he is a male, between the ages of 18 and 25, and was present at some fight weeks earlier, which Pandis described as "gang related." Under the facts of this case, this information provides no basis for either this Court or the trial court to conclude that the tip came from a concerned citizen. Thus, the information must be considered as coming from an informant of unknown reliability, and a tip provided by such person "generally does not create a reasonable suspicion of criminal activity."[12] Here, Pandis knew only that Colton was rumored to be involved in the drug trade. This type of information, which does not lend itself to verification, simply does not provide sufficient information to warrant detaining suspects.[13] It follows that Pandis was unauthorized to prolong the traffic stop on this basis.[14]

Moreover, Tiller has standing to challenge the illegal detention.[15] "A passenger who asserts no possessory interest in the car or the items found within it has no standing to challenge a search of the car directly."[16] However, a passenger may nonetheless challenge the detention itself as "standing to contest the search of the car and standing to contest the . . . seizure and detention are separate and distinct questions, and different privacy interests are involved."[17] And, for the reasons discussed above, the prolonged detention was improper.

We are unpersuaded by the State's contention that Tiller was not improperly detained because he, unlike Colton, was free to leave. Although Colton was the primary suspect, Pandis also obtained Tiller's information, which he investigated. Pandis patted Tiller down for weapons. And, most importantly, Pandis deprived Tiller of his mode of transportation by detaining Colton, the driver of the car. Under the totality of these circumstances, it cannot reasonably be said that Tiller was free to leave.[18] As the evidence that police discovered stemmed directly from the improper detention, the trial court erred in failing to suppress it.[19]

---

[12] *Gray v. State*, 252 Ga. App. 301, 302-303 (556 SE2d 194) (2001) (However, "reliability can be established if the tip contains sufficient details to provide a basis for predicting the suspect's future behavior and the police are able to corroborate those details through observation.").

[13] See *McKinley v. State*, 213 Ga. App. 738, 739-740 (445 SE2d 828) (1994) (anonymous tip that suspect selling drugs does not provide articulable suspicion).

[14] See *McSwain v. State*, 240 Ga. App. 60, 61 (522 SE2d 553) (1999).

[15] See *State v. Cooper*, 260 Ga. App. 333 (579 SE2d 754) (2003); *Migliore v. State of Ga.*, 240 Ga. App. 783, 787 (525 SE2d 166) (1999).

[16] *Cooper*, supra at 334 (1).

[17] (Punctuation omitted.) Id.

[18] See *Gonzales v. State*, 255 Ga. App. 149, 150 (564 SE2d 552) (2002).

[19] See id.; *State v. Gibbons*, 248 Ga. App. 859, 863-864 (2) (547 SE2d 679) (2001) (physical precedent only).

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 22, 2003.

*Steven A. Cook*, for appellant.
*Patrick H. Head, District Attorney, Laura J. Murphree, Amy H. McChesney, Assistant District Attorneys*, for appellee.