### A04A2346. THE STATE v. MAUERBERGER.
(608 SE2d 234)

ELLINGTON, Judge.

Pursuant to OCGA § 5-7-1 (a) (4), the State appeals from an order of the Lowndes County State Court granting Stuart H. Mauerberger's motion to suppress marijuana evidence found in his car pursuant to a consent search carried out during a traffic stop. Because the state court's decision was based upon a misapplication of the law, we must reverse.

---

[11] See *Crosby*, supra at 456-457 (2).
[12] See id.; *Ray v. Ford Motor Co.*, 237 Ga. App. 316, 317-319 (1) (514 SE2d 227) (1999).

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609 (458 SE2d 382) (1995). Where the evidence is uncontroverted, and no question about the credibility of witnesses is presented, the trial court's application of law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The transcript of the motion to suppress hearing shows the following. During the evening of February 11, 2004, a police officer stopped Mauerberger for failing to make a complete stop at a stop sign and for failing to use his turn signal. The officer told Mauerberger why he had stopped him and asked for his driver's license. As soon as he received Mauerberger's driver's license, the officer "ran a check" on it. While the officer was waiting for his dispatcher to verify the validity of Mauerberger's driver's license, he asked for and received consent to search the car for weapons and contraband. During the search of the car, the officer found marijuana in Mauerberger's ashtray. Consequently, the officer placed Mauerberger under arrest for possession of marijuana.

After hearing testimony from the officer and from Mauerberger's passenger, the judge determined that the initial stop "was proper" and that the officer had Mauerberger's "actual consent" to search. The court, however, granted the motion to suppress on the ground that the officer lacked a particularized and objective basis to question Mauerberger "about illegal weapons or narcotics in the vehicle once the traffic stop had concluded."

As we have held, a police officer, having effected a valid stop of a vehicle, does not violate a driver's Fourth Amendment rights merely by inquiring about his possession of weapons or drugs or requesting his consent to search his vehicle for those weapons or drugs. See *Henderson v. State*, 250 Ga. App. 278, 279 (551 SE2d 400) (2001). As we have explained, it is not the nature of the question that offends the Fourth Amendment, it is whether "in asking the questions the officer impermissibly *detains* the individual beyond that necessary to investigate the traffic violation precipitating the stop." (Emphasis in original.) Id. at 280. If such a detention occurs, it must be supported by reasonable, articulable suspicion of criminal activity. Id.

In this case, there is no testimony tending to suggest that the traffic stop had ended before the officer asked about weapons or drugs or obtained consent to search. On the contrary, the officer's testimony unequivocally establishes that he asked for and received consent to search while the driver's license check was still pending. The court's

finding that the traffic stop had "concluded" before the questioning began, therefore, is clearly erroneous. Further, there is no evidence tending to suggest that the officer unreasonably or unlawfully detained Mauerberger prior to posing his questions or obtaining consent to search. Based on the record before us, the officer asked Mauerberger only two questions and he asked them immediately upon beginning the license check: "I asked Mr. Mauerberger if he had any weapons or narcotics or open containers of alcohol or anything of that nature in his vehicle. He told me no. I asked him if [we] could search his vehicle to find those items, see if he was lying to us. He said yes, we could." This is not the intrusive, lengthy, and extraneous questioning we found improper in *State v. Gibbons*, 248 Ga. App. 859 (547 SE2d 679) (2001). Here, the brief questions were posed and Mauerberger's consent was obtained while the license check was still in progress. As we have held, "it does not unreasonably expand the scope or the duration of a valid traffic stop for an officer to immediately check the status of a driver's license to determine if the driver is entitled to continue to operate the vehicle." (Footnote omitted.) *Harris v. State*, 269 Ga. App. 48, 50 (603 SE2d 476) (2004). Because the officer's "questions about weapons and drugs and the request to search did not prolong, continue, or otherwise extend [Mauerberger's] detention" during the traffic stop, the officer was not required to have reasonable, articulable suspicion of other criminal activity to support those questions. *Henderson v. State*, 250 Ga. App. at 281. Consequently, the trial court erred in granting the motion to suppress on this basis.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 10, 2004 —
RECONSIDERATION DENIED DECEMBER 8, 2004.

*Richard W. Shelton, Solicitor-General, Sandra K. Sanders, Assistant Solicitor-General*, for appellant.
*Cork & Cork, Patrick C. Cork*, for appellee.