### A05A1847. WESLEY v. THE STATE.
(620 SE2d 580)

PHIPPS, Judge.

Leon Wesley appeals his conviction of possession of one ounce or less of marijuana. He contends that the trial court erred in denying his motion to suppress. Although the facts are disputed, there is evidence supporting the trial court's denial of the motion. We, therefore, affirm.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[1]

At the hearing on Wesley's motion to suppress, Lake City Police Officer Mike Kagenski testified as follows. On the afternoon in question, he observed a vehicle being driven by Wesley exit the parking lot of a gas station onto a public roadway at a rate of speed so excessive as to threaten the safety of pedestrians on the sidewalk. Kagenski, therefore, stopped the vehicle. Upon approaching it and asking Wesley for his driver's license, Kagenski observed that Wesley was unusually nervous and that he was attempting to hold down the center arm rest with his right arm. Kagenski asked Wesley why he was so nervous. When Wesley failed to respond, Kagenski asked if he had any drugs in the car. Wesley acknowledged that there might be a "blunt" (i.e., a partially smoked marijuana cigarette) somewhere in the car. Kagenski, who was assigned to the police department's

---

[1] *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995) (citation and punctuation omitted).

canine unit, then returned to his patrol car, got his narcotic detection dog, and led the dog around Wesley's vehicle. After the dog alerted on the driver's side door, Kagenski opened the door and had the dog sniff the interior of the car. After the dog alerted on the center arm rest, Kagenski searched the arm rest and found the marijuana.

When Kagenski observed Wesley driving his car at a high rate of speed out of the gas station parking lot, he had probable cause to stop him for driving too fast for conditions.[2] Having effected a valid traffic stop, Kagenski could ask questions about drugs — even without reasonable, articulable suspicion of drug activity — because the questions did not prolong the detention beyond that necessary to investigate the traffic violation.[3] After Wesley admitted that he might be in possession of marijuana, extending the traffic stop while the drug dog performed a walk-around of the vehicle was in no way unreasonable.[4] The dog's alert on the outside of the car authorized Kagenski to search the vehicle.[5] Thus, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 1, 2005.

*Sexton & Morris, Lee Sexton, Joseph S. Key*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.

---

[2] *Sanders v. State*, 204 Ga. App. 545, 547 (1) (b) (419 SE2d 759) (1992).

[3] *State v. Mauerberger*, 270 Ga. App. 794 (608 SE2d 234) (2004).

[4] See *Ward v. State*, 193 Ga. App. 137, 138 (1) (387 SE2d 150) (1989) (after defendant admitted to being in possession of a "joint," probable cause existed for his arrest for possession of marijuana); see also *Illinois v. Caballes*, 543 U. S. 405 (125 SC 834, 160 LE2d 842) (2005) (where the duration of a legitimate traffic stop is justified by the traffic offense and ordinary inquiries incident to the stop, use of a well-trained drug detection dog to sniff the exterior of a vehicle during the stop does not violate the Fourth Amendment).

[5] *Jones v. State*, 259 Ga. App. 849, 851 (578 SE2d 562) (2003).