A07A0768. THE STATE v. MENEZES.
(648 SE2d 741)

ELLINGTON, Judge.

Roberto Menezes stands accused in the Superior Court of Cobb County of possession of cocaine, OCGA §§ 16-13-26 (1) (D); 16-13-30 (a). Menezes moved to exclude evidence seized as a result of a search of the car in which he had been a passenger. After concluding that the State failed to meet its burden of proof regarding the driver's consent to search the vehicle, the trial court granted the motion. The State appeals pursuant to OCGA § 5-7-1 (a) (4). For the following reasons, we reverse the trial court's ruling.

> Because the trial court sits as the trier of fact when ruling on a motion to suppress or a motion in limine, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When we review a trial court's decision on such motions to exclude evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. With mixed questions of fact and law, the appellate court accepts the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently applies the legal principles to the facts.

(Citations and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

Viewed in the light most favorable to the trial court's findings, the record shows the following facts. At approximately 1:30 a.m. on July 20, 2005, an officer observed Criseldo Andrade make an illegal U-turn and cross a double yellow pedestrian safety zone, and the

officer stopped the car. Andrade stopped, not on the right side of the road, but in the center turn lane in the middle of the four-lane road. Menezes and Joao DaSilva were passengers in Andrade's car; Menezes sat in the right (passenger side) front seat, and DaSilva sat in the right rear seat. Because the car had three occupants, the arresting officer called for backup. The arresting officer asked Andrade to step away from the vehicle and conducted his conversation with him at the rear of Andrade's car. Andrade gave conflicting answers to the officer's questions about where he had been and where he was going.

Meanwhile, the backup officer saw Menezes and DaSilva talk to each other and then saw DaSilva reach down toward the car's rear floorboard, leading the officer to think DaSilva might be reaching for a weapon. The arresting officer then asked Andrade for his consent to search the vehicle, and Andrade verbally consented to the search. The arresting officer asked Menezes and DaSilva to get out of the car and patted them for weapons. Before beginning to search the car, the officers saw suspected filtering material for a drug pipe (copper pad shavings) on the front floorboard, on both the driver side and the passenger side. The officers searched the car and found a suspected metal push rod for a drug pipe between the front center console and the right front seat where Menezes had been sitting. The officers also found a small piece of solid cocaine either on the back seat or on the rear floorboard, as well as a glass cylinder for a suspected drug pipe stuffed in the right rear seat cushions, both near where DaSilva had been sitting. Menezes and DaSilva both denied owning the contraband. The arresting officer arrested Menezes and DaSilva for possession of cocaine, and then issued a traffic citation to Andrade and allowed him to leave. The entire traffic stop lasted twenty to twenty-five minutes, with about ten to fifteen minutes elapsing after Andrade consented to the search.

After hearing this evidence, the trial court found that, even considering the officers' testimony, the State failed to present any evidence regarding the circumstances surrounding Andrade's consent to search. As a result, the trial court held that the State failed to meet its burden of proving that Andrade gave his consent freely and voluntarily.

1. The State contends that Menezes has asserted neither a property nor a possessory interest in Andrade's car, nor any interest in the property seized, and, therefore, that Menezes lacks standing to object to the search of the car. "In reviewing a ruling on a motion to suppress, the threshold question is whether the defendant has standing to challenge the seizure of the evidence." (Citation omitted.) *State v. Jackson*, 243 Ga. App. 330, 331 (533 SE2d 433) (2000). Generally, "[a] passenger who asserts no possessory interest in the car [in which he or she was a passenger] or [in] items found within it has no

standing to challenge a search of the car directly." (Punctuation and footnote omitted.) *Tiller v. State*, 261 Ga. App. 363, 365 (582 SE2d 536) (2003). See *Rakas v. Illinois*, 439 U. S. 128, 148-149 (II) (D) (99 SC 421, 58 LE2d 387) (1978). "[T]he interest in freedom of movement and the interest in being free from fear and surprise are personal to all occupants of the vehicle, [however,] and an individual's interest is not diminished simply because he is a passenger as opposed to the driver when the stop occurred." (Footnote omitted.) *State v. Cooper*, 260 Ga. App. 333, 334 (1) (579 SE2d 754) (2003). See also *Brendlin v. California*, ___ U. S. ___ (127 SC 2400, 168 LE2d 132) (2007) (because a traffic stop subjects a passenger, as well as the driver, to Fourth Amendment seizure, a passenger may move to exclude evidence seized during an unconstitutional stop). As a result, "standing to contest the search of the car and standing to contest the *Terry* seizure and detention are separate and distinct questions, and different privacy interests are involved." (Punctuation and footnote omitted.) *State v. Cooper*, 260 Ga. App. at 334 (1). Because a passenger has standing to contest the passenger's own illegal seizure and detention in connection with a traffic stop, and because evidence or contraband discovered in a search of the car during the traffic stop may be considered the fruits of the passenger's illegal detention, the passenger may move to suppress the evidence or contraband and may thus indirectly challenge the search of the car. *Tiller v. State*, 261 Ga. App. at 365; *State v. Cooper*, 260 Ga. App. at 334 (1). The State's argument on this point lacks merit.

2. The State contends that the traffic stop was authorized by the arresting officer's observation of the illegal U-turn and that the officer did not unreasonably detain Andrade and his passengers. The State contends further that, regardless of whether Andrade's consent to search was free and voluntary, the officers had probable cause to search the car under the totality of the circumstances, including (1) Andrade responded to the arresting officer's signal by stopping in the center turn lane rather than on the right side of the road; (2) Andrade gave conflicting answers to the officer's questions about where he had been and where he was going; (3) while Andrade was answering questions, DaSilva conversed with Menezes and then reached for the rear floorboard; and (4) the arresting officer saw suspected drug pipe filtering material in plain view on the front floorboard of the car. We agree that under the totality of the circumstances the officers had probable cause to search Andrade's car.

When the arresting officer observed a traffic violation, he was authorized to initiate a traffic stop. *Chang v. State*, 270 Ga. App. 814, 816 (608 SE2d 283) (2004); *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997). There is no evidence in this case that the arresting officer unreasonably detained Menezes beyond the time

required to issue Andrade a traffic citation. *State v. Mauerberger*, 270 Ga. App. 794, 795 (608 SE2d 234) (2004). Under the "automobile exception" to the search warrant requirement, when a vehicle is being used on the highways and police officers have probable cause to search the vehicle for evidence of a crime, they may search the vehicle without first obtaining a warrant. *State v. Lejeune*, 276 Ga. 179, 182-183 (576 SE2d 888) (2003).[1] See generally Jack Goger, Daniel's Georgia Criminal Trial Practice, § 4-49 (2007 ed.). "Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law." (Citation and punctuation omitted.) *Brown v. State*, 269 Ga. 830, 831 (2) (504 SE2d 443) (1998). "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction." (Citation and punctuation omitted.) *Maldonado v. State*, 284 Ga. App. 26, 28 (2) (643 SE2d 316) (2007). "Observation of what reasonably appear to be furtive gestures is a factor which may properly be taken into account in determining whether probable cause exists." (Citations and punctuation omitted.) *Brown v. State*, 269 Ga. at 831 (2). As the investigation of the traffic violation unfolded in this case, the officer's level of suspicion steadily increased due to the evasive and furtive behavior of the car's driver and passenger, coupled with visible drug paraphernalia, until it reached the level of probable cause to search the vehicle for evidence of a crime. *Howren v. State*, 271 Ga. App. 55, 56 (2) (608 SE2d 653) (2004), disapproved on other grounds, *Schofield v. Holsey*, 281 Ga. 809, 811, n. 1 (642 SE2d 56) (2007); *Anderson v. State*, 123 Ga. App. 57, 59-60 (1) (179 SE2d 286) (1970). Accordingly, the trial court erred in granting Menezes' motion to suppress solely on the basis that the search was not based on Andrade's free and voluntary consent. As discussed above, the search of Andrade's vehicle did not violate

---

[1] Further,

a valid vehicle stop based on reasonable suspicion does not automatically give the police permission to search the passenger compartment for weapons. An officer may, however, conduct a limited search of a suspect for dangerous weapons if the officer reasonably believes that the detainee is presently armed and dangerous because it is unreasonable to prevent the police from taking reasonable steps to protect their safety. Such a search must be limited in scope to protecting the officer by disarming a potentially dangerous person. . . . [T]his procedure [is] a limited protective search for concealed weapons. This type of limited intrusion is justified by the particular hazards confronting a police officer in roadside encounters with drivers and passengers.

(Citations and punctuation omitted.) *Megesi v. State*, 277 Ga. App. 855, 857-858 (2) (627 SE2d 814) (2006), quoting *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983), and *Adams v. Williams*, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972).

Menezes' rights, regardless of whether Andrade's consent to search was free and voluntary.

3. Because the trial court erred in granting Menezes' motion to suppress, regardless of whether Andrade's consent was free and voluntary, the State's remaining arguments are moot.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 3, 2007.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellant.

*Cynthia G. Morris, Mitchell D. Durham*, for appellee.