A11A0094. HAMMONT v. THE STATE.

(710 SE2d 598)

DILLARD, Judge.

Jonathan Thomas Hammont was convicted in a bench trial of possessing less than one ounce of marijuana. Prior to his conviction, Hammont moved to suppress evidence on the basis that law enforcement had no probable cause or reasonable articulable suspicion to search for drugs during the traffic stop that eventually led to his arrest. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the trial court's judgment and findings,[1] the record shows that Hammont was the passenger in a vehicle driven by his friend, Eric Schwartz. Unbeknownst to them, a county drug squad had issued a "be on the lookout" (BOLO) for the silver Pontiac Grand Prix driven by Schwartz because the squad had reason to believe that Schwartz and Hammont were involved in the illegal sale and use of prescription narcotics. As the two men were driving, they were spotted by an officer who had received the BOLO and knew that the vehicle was suspected to be in the residential area he was patrolling.

The officer pulled behind Schwartz's vehicle, paced it, noticed it was traveling at 40 miles per hour in a 35-mile-per-hour zone, and subsequently pulled the car over. After the officer activated his emergency equipment, Schwartz continued driving for "quite a while," passing what were, in the officer's opinion, reasonably safe

---

[1] *See, e.g., Mays v. State*, 306 Ga. App. 507, 507 (703 SE2d 21) (2010); *Montoya v. State*, 232 Ga. App. 24, 24 (499 SE2d 680) (1998).

locations to stop. And when the vehicle eventually stopped and the officer approached, he noticed that Schwartz was "very nervous," that his hands were shaking, and that he would not make eye contact with the officer. Based on the BOLO the officer had received from the drug squad, Schwartz's nervous behavior, the amount of time that passed before the vehicle pulled over,[2] and the fact that Schwartz eventually stopped the vehicle adjacent to bushes,[3] the officer believed Schwartz and Hammont were engaged in drug activity.

Thereafter, the officer asked Schwartz for consent to search the vehicle, which was granted. During the course of this search, the officer discovered marijuana residue in the ashtray and in the passenger seat (where Hammont had been sitting) and rolling papers between the center console and the passenger seat. Hammont also consented to a urine test, which tested positive for marijuana use.[4]

Prior to his bench trial, Hammont moved to suppress the evidence obtained through the traffic stop on the ground that his detention was illegally expanded due to the officer's conversion of a routine traffic stop into a drug search without the requisite reasonable suspicion of other illegal activity. The trial court, however, found that the officer had reasonable, articulable suspicion to search Schwartz's vehicle for drugs and, in conjunction with its decision to convict Hammont, it denied the motion to suppress. This appeal follows.

In reviewing a trial court's decision on a motion to suppress, we construe the evidence "most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the witnesses are adopted unless they are clearly erroneous."[5] Further, "because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them."[6] However, when evidence is "uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review."[7]

On appeal, Hammont contends (as he did below) that his

---

[2] The officer testified that, in his experience, vehicle occupants sometimes delay pulling over to conceal contraband or to develop a fabricated story.

[3] The officer testified that, in his experience, when a vehicle stops beside bushes, this is often consistent with an attempt to toss contraband; however, the bushes in this case were never searched for contraband because the officer did not see either occupant toss anything from the car.

[4] The officer never located prescription narcotics, which was the basis of the BOLO.

[5] *Montoya*, 232 Ga. App. at 25 (1); *see also State v. Menezes*, 286 Ga. App. 280, 280 (648 SE2d 741) (2007) (same).

[6] *Montoya*, 232 Ga. App. at 25 (1); *see also Menezes*, 286 Ga. App. at 280.

[7] *Menezes*, 286 Ga. App. at 280 (citation and punctuation omitted).

detention "was illegally extended due to the State's conversion of a routine traffic stop into a drug search absent the requisite reasonable suspicion of other illegal activity."[8] We disagree.

First, the stop of Schwartz and Hammont was valid. The officer's observation that Schwartz's vehicle was traveling 40 miles per hour in a 35-mile-per-hour zone authorized him to initiate the traffic stop.[9] Moreover, the officer was on the lookout for Schwartz's vehicle based on information relayed by the county drug squad, and he stopped the vehicle for a legal reason—i.e., the vehicle was speeding. And when an officer observes a traffic offense, the resulting traffic stop does not violate the Fourth Amendment "even if the officer has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances."[10]

Second, the stop was not illegally extended because "it does not matter whether the request to search comes during the traffic stop or immediately thereafter."[11] Indeed, the record shows that the officer asked Schwartz for his driver's license and insurance upon approaching the vehicle, and it was at this point the officer observed that Schwartz refused to make eye contact and was noticeably shaking. After inquiring as to why Schwartz had taken so long to pull over, the officer asked for and received consent to search the vehicle. As the trial court correctly noted, there was no illegal detention "because [the questioning] was almost instantaneous," and "all indications are that the search of the vehicle was by consent of the driver." And even when there is no basis for an officer to suspect that a person detained at a traffic stop is engaged in criminal activity unrelated to

---

[8] We note that, generally, when a passenger does not assert a possessory interest in a vehicle or the items found within, he or she has no standing to directly challenge a search of the vehicle. *See, e.g.*, *Menezes*, 286 Ga. App. at 282 (2). But because a passenger has standing to challenge his or her own illegal seizure and detention in connection with a traffic stop, "and because evidence or contraband discovered in a search of the car during the traffic stop may be considered the fruits of the passenger's illegal detention, the passenger may move to suppress the evidence or contraband and may thus indirectly challenge the search of the car." *Id.* at 282 (1) (citation omitted).

[9] *See Whren v. United States*, 517 U. S. 806, 810 (II) (116 SC 1769, 135 LE2d 89) (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." (citation omitted)); *Menezes*, 286 Ga. App. at 282 (2) ("When the arresting officer observed a traffic violation, he was authorized to initiate a traffic stop." (citation omitted)); *Montoya*, 232 Ga. App. at 25 (2) (a) ("[The defendant's] act of following too closely authorized the stop."); *see also Berry v. State*, 274 Ga. App. 831, 833 (2) (619 SE2d 339) (2005) (noting that while a driver may not be *convicted* for speeding unless traveling more than ten miles per hour over the speed limit, an officer may still stop a driver to warn him or her about speeding).

[10] *Maxwell v. State*, 249 Ga. App. 747, 748 (549 SE2d 534) (2001) (citations and punctuation omitted).

[11] *Hayes v. State*, 292 Ga. App. 724, 730 (2) (e) (665 SE2d 422) (2008).

the stop, "police may lawfully ask questions during the course of the stop about such unrelated activity, so long as the questioning does not prolong the stop beyond the time reasonably required to complete the purpose of the traffic stop."[12] And here, there is no evidence that the officer's questions prior to receiving Schwartz's consent imposed any substantive delay in the traffic stop of his vehicle.

Accordingly, for the foregoing reasons, we affirm the trial court's denial of Hammont's motion to suppress.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

### DECIDED APRIL 21, 2011.

*Philip D. Price*, for appellant.
*David L. Cannon, Jr., Solicitor-General*, for appellee.

---

[12] *Hayes*, 292 Ga. App. at 730 (2) (d) (citation and punctuation omitted); *see also State v. Davis*, 283 Ga. App. 200, 203 (2) (641 SE2d 205) (2007) (same).