## 43767. WILLIAMS v. THE STATE.
(349 SE2d 695)

MARSHALL, Chief Justice.

Kenneth R. Williams appeals from his conviction of malice murder, for which he was sentenced to life imprisonment.[1]

The victim, Daniel McKenzie, was married to the appellant's sister, Millie. The appellant's residence was directly across the street from that of the McKenzies'. As the victim was returning home from work at approximately 11:23 p.m., he was struck in the chest by a shotgun blast, from which he later died. The victim identified the appellant as the murderer.

1. The appellant first contends that the trial court erred in failing to give his request to charge No. 6, which gave the criteria for the jury's receiving testimony claimed to be dying declarations, and contained the admonition that such testimony must be received "with great caution." He argues that this requested charge, which was taken verbatim from the pattern jury instructions, must be charged when timely requested, citing *Holcomb v. State,* 249 Ga. 658 (292 SE2d

---

[1] The crime was committed on July 19, 1985. The appellant was convicted on April 17, 1986. A motion for new trial was filed on May 19, 1986. The transcript of evidence was filed in the trial court on May 22, 1986. The motion for new trial was amended, and the amended motion heard, on June 18, 1986, and the motion as amended was overruled on June 24, 1986. The notice of appeal was filed on July 24, 1986, and the record was docketed in this court on August 6, 1986. The case was orally argued on October 14, 1986.

839) (1982); *Coart v. State*, 156 Ga. 536 (3a) (119 SE 723) (1923), and that failure to so charge was constitutional error. *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985).

However, the evidence showed, and at no time did the appellant controvert the fact, that the victim knew he was dying when he identified the appellant as the murderer. The appellant did not object to the admission of the dying declaration. The trial judge did charge the appellant's requested charge No. 5, which correctly instructed the jury that, even if the declaration was made with knowledge of impending death, it need not be accepted as an absolute truth, but its weight and credibility should be reviewed by the jurors, considering all the circumstances. Furthermore, the requested "great caution" instruction is not essential. *Morakes v. State*, 201 Ga. 425, 437-39 (6) (40 SE2d 120) (1946); *Key v. State*, 177 Ga. 329, 332 (3) (170 SE 230) (1933).

2. The trial court did not err in overruling the appellant's motion for a directed verdict of acquittal.

The appellant argues that the state's circumstantial evidence showed his mere presence at the scene of the crime, which was insufficient to authorize his conviction, *Tanner v. State*, 161 Ga. 193, 199 (13) (130 SE 64) (1925) and cit.; that the circumstantial evidence was insufficient to exclude his reasonable hypothesis that he was in, or on the way home from, Dallas, Georgia, at the time of the commission of the crime; and that there was evidence that a person standing where the victim was killed could not see another person 85 feet away across the street (from which point the fatal shot was fired) at night.

Aside from the fact that the appellant's argument both admits his "mere presence" at the crime scene and urges the reasonable hypothesis of his absence therefrom, there was evidence as follows. The appellant had threatened to kill the victim less than a month previously, for allegedly having an affair with the appellant's wife. The appellant's own statement on the night of the murder placed himself at home before the fatal shot was fired. The appellant had three shotguns. On the day of the murder, he had bought four shotgun shells containing the exact type of unusual pellet that killed the victim, and he had only three after the murder. The appellant had gunpowder residue on his hands, and his shotguns were found to have been freshly oiled soon after the murder. A police tracking dog, following a trail from the patted-down weeded area on the appellant's property directly across the street from the victim's house, led the police directly to the appellant's door. Alibi witnesses could not conclusively place the appellant in Dallas, Georgia, at the time of the murder. Evidence that the appellant had not yet returned home and that the victim could not have seen the appellant under the extant circumstances, had not been presented at the time the motion for directed

verdict was made. All of the evidence adduced at trial, reviewed in a light most favorable to the jury's verdict, authorized a rational trier of fact to find Williams guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*George C. Turner, Jr., John W. Kilgo,* for appellant.

*William A. Foster III, District Attorney, Jeffrey Ballew, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.