## A94A1447. GIVENS v. THE STATE.
(449 SE2d 149)

SMITH, Judge.

Anthony Lee Givens was tried and convicted by a jury on three counts of selling cocaine. He appeals following the denial of his motion for new trial.

1. Givens essentially contends the trial court erred in allowing a chemist with the Georgia Crime Lab to testify over objection as to the results of tests performed on three exhibits identified as cocaine at trial. Givens received the results of testing originally performed on the exhibits, but the chemist performing those tests was unavailable to testify as to those results because he was no longer employed by the Georgia Crime Lab. The witness retested the exhibits immediately prior to testifying, but did not reduce his findings to writing. It is the State's failure to furnish a written report of this retesting that is alleged as error.

It is well settled that OCGA § 17-7-211 does not attempt to mandate the furnishing of written scientific reports that do not in fact exist. *Law v. State*, 165 Ga. App. 687, 690 (3) (302 SE2d 570) (1983), aff'd 251 Ga. 525, 528 (2) (307 SE2d 904) (1983); see also *Rower v. State*, 264 Ga. 323, 324-325 (5) (443 SE2d 839) (1994). Givens argues that this interpretation of the statute frustrates its purpose, which he contends is "to give defendants notice of the results of scientific tests so that defendants can arrange for their own tests," and that our interpretation allows this purpose to be defeated with ease.

Even if we accept Givens's premise, it is clear that he has not been visited by the hypothetical evil he identifies. The original scientific testing was performed in 1991, and its results (which were not introduced into evidence) were made available to Givens almost two years prior to trial. We find Givens's position to be both unsupported by legal authority and uncompelling on its particular facts. Further, we find it highly unlikely that, under *any* circumstances, the State would deliberately forego the inculpatory impact of a written scientific report at trial merely because furnishing the report to the accused in advance as required under OCGA § 17-7-211 might prompt him to pursue further scientific testing on his own.

2. Givens also challenges the chain of custody with respect to the same exhibits at issue in Division 1. The crux of Givens's objection at trial was that the chain has been broken because the crime lab employee who originally received the exhibits was not called to testify. We find the facts of this case to be indistinguishable from those

presented in *Williams v. State*, 153 Ga. App. 421, 422 (3) (265 SE2d 341) (1980). Since there is no affirmative evidence of tampering, the trial court did not err in treating the Georgia Crime Lab as a single "link" in the chain of custody for admissibility purposes. As *Williams* implies, mere speculative doubt as to the handling of evidence while in the possession of the Georgia Crime Lab is a matter for consideration by the jury. Id. The State showed with reasonable certainty that no tampering or alteration occurred in this case.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1994.

*Stanley C. House,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.