A00A0006. ROSS v. THE STATE.
(524 SE2d 255)

McMURRAY, Presiding Judge.

Carey L. Ross was tried before a jury and found guilty of possession of cocaine and permitting an unlicensed person to operate a motor vehicle. His sole enumeration of error challenges the overruling of his motion for new trial on the general grounds, OCGA §§ 5-5-20 and 5-5-21. Specifically, defendant challenges the sufficiency of the evidence to support his conviction for possession of cocaine, arguing the State's circumstantial evidence fails to exclude every reasonable hypothesis save the guilt of the accused. *Held*:

Viewed in the light most favorable to the jury's verdict, the evidence revealed the following:

Defendant Ross was a passenger in an automobile operated by his unlicensed nephew. This vehicle was stopped by Deputy Joseph

Bryon Mobley of the Newton County Sheriff's Department because it was raining and Deputy Mobley observed the car "going northbound on Lee Street without any lights on." Deputy Mobley arrested the nephew "for driving without a license and no headlights." Deputy Mobley did a pat-down check of the nephew "for weapons and things of that nature." Deputy Sheriff trainee Micky Kitchens performed a weapons pat-down of defendant Ross, "then handcuffed him and placed him in the rear [seat on the] driver's side of Lieutenant Smith's patrol unit." The nephew was then handcuffed and placed in the back seat on the passenger's side of Lieutenant Smith's vehicle. Lieutenant Smith could see both individuals in the rearview mirror. Lieutenant Smith observed "some movement by Mr. Ross on the way in." Lieutenant Smith did not recall any movement on the other side of the seat, where the nephew sat handcuffed; the movement Lieutenant Smith noticed "brought [his] attention to Mr. Ross." It is the standard procedure of the Newton County Sheriff's Department to "check the rear seat of [the] patrol units at the beginning of each shift to make sure that it is clean, that there is no . . . contraband back there." After every transport, the deputies perform the same procedure. On the night in question, defendant Ross was the first person placed in the back of that particular unit after Deputy Kitchens came on duty. While Lieutenant Smith took defendant Ross into the jail for booking, Deputy Kitchens searched the rear of the patrol unit. Underneath the center of the back seat on the driver's side of Lieutenant Smith's car, where defendant Ross had been sitting, Deputy Kitchens discovered "two corners of a plastic bag containing a white or off-white, chunky substance inside of a larger freezer-type bag." This off-white substance tested positive for cocaine.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and saw the witnesses, so where the jury is authorized to find that the evidence, although circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed on appeal unless the verdict of guilty is insupportable as a matter of law. *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323).

In this case, the jury was instructed in the language of OCGA § 24-4-6 and on equal access. By rendering its guilty verdict, the jury necessarily found the State had excluded all reasonable hypotheses except that of defendant's guilt. *Zant v. Nelson*, 250 Ga. 152, 154 (296 SE2d 590). The physical presence of cocaine under the back seat found after the first arrest of the evening authorizes a finding that

one passenger or the other removed the packet from his back pocket while being transported to the jail. Lieutenant Smith's evidence implicates defendant Ross and excludes the other passenger. This is corroborated by the location of the contraband beneath the center of the seat defendant Ross occupied, physically removed from the space occupied by the nephew. The evidence, although circumstantial, was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and under OCGA § 24-4-6 to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of possessing the cocaine discovered under the seat of the police vehicle. *Norman v. State*, 208 Ga. App. 830 (1) (432 SE2d 216).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999.

*Anthony S. Carter*, for appellant.

*Alan A. Cook, District Attorney, Brian M. Deutsch, Assistant District Attorney*, for appellee.