A01A1123. TUTU v. THE STATE.
(555 SE2d 241)

BLACKBURN, Chief Judge.

Following a bench trial, Claudia Olympia Tutu appeals her convictions for possession of cocaine and marijuana, contending that the trial court should have suppressed all evidence of the illegal drugs because: (1) the police improperly searched her truck incident to the arrest of her passenger and (2) the police improperly searched her purse which was lying on the floorboard of the truck. For the reasons set forth below, we affirm.

---

On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. *State v. Winnie*.[1] Furthermore, the trial court's application of law to facts which are undisputed is subject to de novo review. Id.

Viewed in the light most favorable to the trial court's ruling, the evidence shows that Officer Brian Ray stopped Tutu in a high-crime area for failure to have the license plate on her truck properly illuminated. Officer Ray approached the truck and asked Tutu for her driver's license and insurance card, which she pulled from one of two purses resting on the floorboard. Officer Ray also asked Tutu's passenger, Billy Wade Sanders, for his name and birth date.

After gathering this information, Officer Ray returned to his police car to do a computer check to see if Tutu or Sanders was subject to any outstanding charges or warrants. While awaiting a search response, Officer Ray noticed that Sanders was moving around in the cab of the truck, appearing to place something under the passenger's seat and behind the driver's seat. Officer Ray surmised that Sanders might be attempting to conceal either weapons or drugs. Moments later, Officer Ray received an indication that Sanders had an outstanding warrant for escape. The warrant was from Grundy County, Tennessee, and the underlying offense related to drug charges. Based on this warrant, Officer Ray arrested Sanders, took him to his patrol car, and then began to search Tutu's car incident to Sanders' arrest.

Behind the driver's seat where Sanders had been reaching, Officer Ray found two film canisters containing marijuana and marijuana residue. Officer Ray then asked Tutu whether the marijuana belonged to her or to Sanders, and she replied that it belonged to her. Following Tutu's affirmative response, Officer Ray searched the purse from which Tutu had retrieved her license, and he found more marijuana and some crack cocaine as well. At that time, Officer Ray arrested Tutu for possession of marijuana and cocaine.

1. Tutu contends that the search of her truck incident to Sanders' arrest was improper, arguing that the search was unnecessary to ensure Officer Ray's safety because Sanders had been handcuffed and removed from the vehicle. We disagree.

> The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon

---

[1] *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000).

the person of the suspect. . . . [A] search incident to the arrest requires no additional justification.

## United States v. Robinson.[2]

The United States Supreme Court has addressed the issue of searches incident to the lawful arrest of the occupant of a motor vehicle. In *New York v. Belton*,[3] the police found cocaine in the pocket of a jacket found on the backseat of an automobile after the occupants had been arrested and removed from the vehicle. Id. at 456. The Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted.) Id. at 460. This is true even "after the arrestees are no longer in it." Id. at 459. In so holding, the Supreme Court reversed the decision of the New York Court of Appeals, which had held that the search of the jacket was not incident to a lawful arrest when the automobile was no longer accessible to the occupants. Id. at 456.

## Scoggins v. State.[4]

Tutu further contends that, even if a search incident to Sanders' arrest was appropriate, it was too broad in scope. In essence, Tutu maintains that the search should not have reached the driver compartment of the truck or the containers located therein. In *Vega v. State*,[5] however, this Court held that, when a driver is lawfully arrested, a search incident to the driver's arrest may include the passenger compartment. We held that

[s]ince [the driver] was lawfully arrested . . . , [the officer] did not exceed the permissible scope of a search incident to arrest under the Fourth Amendment, the Georgia Constitution or OCGA § 17-5-1. To this extent, we must recognize the broad scope of authority granted to police officers in conducting searches of automobiles pursuant to the search incident to arrest exception. In this situation, the authority to search extends to the entire passenger compartment of the automobile and any closed containers therein.

(Citation and punctuation omitted.) Id. Likewise, these same prin-

---

[2] *United States v. Robinson*, 414 U. S. 218, 235 (94 SC 467, 38 LE2d 427) (1973).
[3] *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981).
[4] *Scoggins v. State*, 248 Ga. App. 1, 2 (545 SE2d 19) (2001).
[5] *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999).

ciples should apply in the converse; when a passenger is lawfully arrested, the search incident to arrest may extend to the driver compartment of the automobile and all containers therein.

Moreover, in this case, Officer Ray observed Sanders reaching behind the driver's seat in Tutu's truck, possibly attempting to conceal something. And, Officer Ray expressed a valid concern that Sanders was attempting to secrete weapons or other evidence. This is exactly the sort of situation in which a search incident to arrest is necessary to protect police officers and ensure the viability of their investigations.

2. In her second enumeration of error, Tutu argues that the search of her purse was improper, contending that a purse is an item of property so personal to the owner that it cannot be treated like other containers found in cars. Again, we disagree.

Tutu argues that, because a purse is a highly personal piece of property, it generally cannot be searched without the owner's consent, unlike other containers found within a vehicle. This argument, however, has recently been rejected by the United States Supreme Court in *Wyoming v. Houghton.*[6] In this case, the United States Supreme Court allowed a police officer to search the purse of a passenger in a car after noticing drug paraphernalia in the driver's shirt pocket. The Supreme Court explained that

> [w]hen there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are "in" the car, and the officer has probable cause to search for contraband in the car.

(Emphasis omitted.) Id. at 302.

"Passengers, no less than drivers, possess a reduced expectation of privacy with regard to the property that they transport in cars which 'travel public thoroughfares.' *Cardwell v. Lewis.*[7]" *Wyoming,* supra at 303.

Here, Officer Ray discovered marijuana behind the driver's seat of Tutu's truck, and Tutu admitted to the ownership of the drugs. At this point, Officer Ray had direct evidence that Tutu possessed illegal contraband, and he had probable cause to search Tutu's truck, independent of the search incident to Sanders' arrest. As such,

---

[6] *Wyoming v. Houghton,* 526 U. S. 295 (119 SC 1297, 143 LE2d 408) (1999).
[7] *Cardwell v. Lewis,* 417 U. S. 583, 590 (94 SC 2464, 41 LE2d 325) (1974).

Officer Ray, at that point in time, could search every part of Tutu's truck, including all containers located therein which might also hold contraband. *Wyoming*, supra.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 12, 2001.

*Glyndon C. Pruitt*, for appellant.

*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.