A08A2064. SWICORD v. THE STATE.

(667 SE2d 401)

ELLINGTON, Judge.

A Grady County jury found Ceedrice Dewayne Swicord guilty of trafficking in cocaine, OCGA § 16-13-31 (a) (1), and possession of marijuana, OCGA § 16-13-30 (j) (1). Swicord appeals from the judgment of conviction. He contends the trial court erred in denying his motion to suppress the marijuana and cocaine evidence seized and that the State failed to adduce sufficient evidence to support his conviction for trafficking in cocaine beyond a reasonable doubt. For the reasons that follow, we affirm Swicord's conviction for possession of marijuana, but reverse his conviction for trafficking in cocaine.

1. Swicord contends the police were not authorized to arrest him or to search his car, and that the trial court should have granted his motion to suppress any evidence seized as a result.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. While we recognize that a trial court's ruling frequently involves a mixed question of fact and law, such is not the case in the instant appeal. Accordingly, we will conduct a de novo review of the trial court's ruling.

(Citation and footnote omitted.) *State v. Underwood*, 283 Ga. 498, 500-501 (661 SE2d 529) (2008).

During a hearing on Swicord's motion to suppress, the State adduced evidence that, at about 9:30 p.m. on September 29, 2005, an investigator with the Southwest Georgia Drug Task Force observed

a beige Buick Electra being driven from the public roadway into a Burger King parking lot in Cairo. The day before, the investigator had seen Swicord driving the same car in a hotel parking lot and had called dispatch to check the car's tag. He learned then that the tag was suspended and that the vehicle to which the tag was registered had neither proof of insurance nor proper registration. The investigator could not make an arrest that day, however, because the car was on private property.

Given the car's status on the previous day, the investigator followed it into the Burger King parking lot, where he observed Swicord get out of the car and walk toward the restaurant. Two other men remained in the car. The investigator arrested Swicord for driving a car that had no insurance and was unregistered on a public road. After arresting Swicord, the investigator called dispatch and confirmed that the registration and insurance information he had received the day before was correct. Incident to Swicord's arrest, the investigator searched the car and found marijuana in a potato chip bag underneath an armrest between the driver's seat and the passenger's seat. After finding the marijuana, the investigator placed the other two occupants of the car, Wilbert Williams and Henry Simmons, under arrest. Swicord later admitted the marijuana was his.

"An arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in such officer's presence or within such officer's immediate knowledge." OCGA § 17-4-20 (a). As we have explained,

> [t]he constitutional validity of an arrest without a warrant depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.

(Citations and punctuation omitted.) *Manzione v. State*, 194 Ga. App. 227, 228-229 (390 SE2d 121) (1990). Here, the investigator observed Swicord driving a car that he knew, based on reasonably trustworthy information recently provided to him, did not have proper registration or insurance, circumstances which violate Georgia law. OCGA §§ 40-2-8 (a) (operating unregistered vehicle a misdemeanor); 40-6-10 (b) (operating uninsured vehicle a misdemeanor). Although the investigator did not confirm the information immediately before arresting Swicord, the information was just 24 hours old, and the

investigator had no reason to believe the car would be or could be properly tagged, insured, and registered within that period. This evidence was sufficient to warrant a prudent man in believing that Swicord had committed or was committing an offense. See *Stewart v. State*, 220 Ga. App. 295 (1) (469 SE2d 424) (1996) (a police officer who previously encountered a defendant in court and knew the defendant's license had been revoked had knowledge of specific, articulable facts sufficient to give rise to a reasonable suspicion that the individual was engaged in criminal conduct). Having properly arrested Swicord, the officer was lawfully authorized to search "the entire passenger compartment of the automobile and any closed containers therein." (Citation omitted.) *Tutu v. State*, 252 Ga. App. 12, 14 (1) (555 SE2d 241) (2001). For these reasons, the trial court did not err in denying Swicord's motion to suppress.

2. Swicord contends the State failed to adduce evidence sufficient to find him guilty of trafficking in cocaine beyond a reasonable doubt.[1] On appeal of a criminal conviction, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The appellant no longer enjoys the presumption of innocence. *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). Moreover, the Court does not re-weigh the evidence or resolve conflicts in testimony, but rather defers to the jury's assessment of the weight and credibility of the evidence. Id.

So viewed, the record shows that, after Swicord and his passengers were arrested, the police transported them to jail. Simmons was transported to jail separately. The officer who transported Simmons later found a paper bag containing almost 80 grams of crack cocaine wedged into the back seat of his patrol car.[2]

The only evidence the State adduced linking the cocaine to Swicord is as follows: Swicord and Simmons were in the Buick together just before the police arrested Swicord. The Buick belonged to neither of them, but, in fact, belonged to Dorothy Williams, the grandmother of the third man in the Buick, Wilbert Williams. Earlier that evening, while waiting to serve a search warrant in an unrelated case, police officers had observed three people in a Buick Electra make what appeared to be a hand-to-hand drug deal with the owner of the residence to be searched, John Arline. The transaction was

---

[1] Swicord does not challenge the sufficiency of the evidence supporting his conviction for possession of marijuana.

[2] We assume for the sake of argument, without deciding the merits of the issue, that the evidence was sufficient to link the cocaine to Simmons.

viewed from a concealed position across the street, from inside another house. An officer saw the driver pass what appeared to be a plastic "baggie" to Arline, but he could not tell what was in it. Although the police did not get the car's tag number, they believed the Buick belonged to Wilbert Williams, who drove the car "99 per cent of the time." No one was able to identify the other three people in the car. When the Buick left, no one followed it. The record does not reveal how much time elapsed between the alleged drug deal and the time the police arrested Swicord. Some unspecified period of time later, Arline was also arrested and found in possession of cocaine. There is no evidence that the police watched Arline continuously from the time of the alleged drug deal to the time of his arrest, nor is there any evidence showing that the cocaine found on Arline matched in any respect that found in the patrol car and attributed to Simmons.

While there is an inference from this circumstantial evidence that Swicord might have been involved in what may have been an earlier cocaine transaction, that inference is not strong enough to prove his guilt beyond a reasonable doubt of trafficking in cocaine. Under Georgia law, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

Although the evidence showed that Swicord drove Williams' Buick on the night in question and on the day before, the evidence did not exclude the possibility that someone else was driving the car at the time the police observed the alleged hand-to-hand drug deal because the police did not follow the Buick to determine that those occupants remained in the car until the arrest was executed. Further, although the police believed a drug deal had occurred in the Buick, they did not recover any evidence that drugs found on Arline were passed to him from inside the Buick because they failed to immediately secure Arline, who could have acquired the drugs found on his possession at another time and from another source. Thus, even assuming that Simmons possessed the cocaine at issue, the only evidence linking it to Swicord was Swicord's mere association and spatial proximity to Simmons while they were both in the Buick just prior to Swicord's arrest. As we have held, a

> finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.

(Citations omitted.) *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006). Because Swicord's mere spatial proximity to the cocaine, which we can only infer was concealed on Simmons' person, was insufficient to establish beyond a reasonable doubt that Swicord had constructive possession of the cocaine, and because the circumstantial evidence was insufficient to exclude every other reasonable hypothesis save that of his guilt, Swicord's conviction for trafficking in cocaine must be reversed. See id. at 177.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 15, 2008.

*Robert R. McLendon IV*, for appellant.
*Joseph K. Mulholland, District Attorney, Eric A. Collins, Assistant District Attorney*, for appellee.