A09A0248. AGNEW v. THE STATE.
(680 SE2d 141)

SMITH, Presiding Judge.

Homer Agnew appeals from his conviction for possession of marijuana with intent to distribute. Agnew asserts the trial court erred by: (1) denying his motion to suppress and (2) admitting testimony about prior bad acts. We find no merit in Agnew's enumerated errors. Because this case involves an inventory search of a car following arrest, however, we vacate the trial court's order denying Agnew's motion to suppress and remand this case to the trial court for further consideration in light of the United States Supreme Court's decision in *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009).

Both parties in this case stipulated to the facts in the motion to suppress hearing. The record shows that a police officer stopped a

van going 81 mph on an interstate highway and asked the driver to come to the back of the van with his driver's license and insurance. The driver told the officer that his license was suspended and had been confiscated by another officer a few days before. The officer attempted to verify the license suspension with dispatch, but was unable to do so because the "computers were down or they could not get the information."

Based upon the available information, the officer placed the driver under arrest for driving with a suspended license and hand-cuffed him. He then returned to the van and searched the driver's seat area over the objections of Agnew, who owned the van and was a passenger at the time of the stop. During his initial search, the officer found a marijuana cigarette inside an open pack of Marlboro cigarettes. He then removed Agnew and another passenger from the van before searching the entire van more thoroughly. When the officer found ten one-gallon size plastic bags of marijuana, digital scales, and a box of plastic sandwich bags, he placed the passengers under arrest as well.

1. Agnew contends the trial court erred by denying his motion to suppress based upon the arresting officer's alleged failure to comply with the requirements of OCGA § 40-5-121 (b) (1). This Code section provided that

> [t]he charge of driving with a suspended or disqualified license shall not be made where the suspension is a result of a failure to respond under Code Section 40-5-56 or an insurance cancellation unless the arresting officer has veri-fied a service date and such date is placed on the uniform citation.[1]

Id. OCGA § 40-5-56 provided at the time of Agnew's arrest that

> the department shall suspend the driver's license or privi-lege to operate a motor vehicle in this state of any person who has failed to respond to a citation to appear before a court of competent jurisdiction of this state or of any other state for a traffic violation other than a parking violation.

Agnew contends the officer violated OCGA § 40-5-121 (b) (1) because he "never confirmed the reason for which [the driver]'s license may have been suspended, and never made a notation on the

---

[1] We note that the General Assembly deleted subsection (b) (1) effective July 1, 2006. Ga. L. 2006, p. 449, § 12. Because Agnew was arrested on March 2, 2006, we must apply the provision in effect at the time of his arrest.

Uniform Traffic Citation of the date upon which [the driver] received actual or legal notice of said suspension." According to Agnew, these violations rendered the officer's arrest of the driver illegal and the trial court should therefore have suppressed all evidence found as a result of this illegal arrest.

We disagree. Previous decisions of this court establish that technical violations of OCGA § 40-5-121 (b) (1) do not affect the validity of an arrest for driving with a suspended license, provided "the officer had probable cause to believe that an offense had been committed." (Citations omitted.) *Johnson v. State*, 297 Ga. App. 254, 257 (676 SE2d 884) (2009); *Carter v. State*, 196 Ga. App. 226, 228 (395 SE2d 891) (1990) (fact that officer did not verify and record service date on citation did not diminish probable cause).

In this case, the driver's statement that his license was suspended provided the officer with probable cause to arrest for driving with a suspended license. Cf. *Moore v. State*, 281 Ga. App. 141, 143 (1) (635 SE2d 408) (2006) (driver's admissions provided police officer with probable cause to arrest for driving under the influence). "Probable cause does not require certainty on the part of the officer that an offense was committed, but merely a probability." (Citation and footnote omitted.) *Martin v. State*, 291 Ga. App. 363, 365 (1) (b) (662 SE2d 185) (2008). The officer's inability to verify the driver's suspension with dispatch should not render the officer "powerless to arrest." *Johnson*, supra.

2. In his remaining enumeration of error, Agnew contends the trial court erred by admitting the following testimony from a probation officer who administered pre-trial drug testing to Agnew: "He was joking, you know, laughing one day when we were talking and he said that one time that he paid his guys in weed because it was cheaper and he knew that way they would at least show up for work." We cannot consider this enumeration of error, however, because the record before us contains no objection to this testimony at the time it was given or a transcript of a prior ruling by the trial court on the admissibility of this evidence. "[I]t is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which [the party] might have had." (Citations, punctuation and footnote omitted.) *Stephens v. State*, 270 Ga. 354, 360 (4) (509 SE2d 605) (1998).

3. While we find no merit in Agnew's errors as argued, the following facts warrant a remand of this case to the trial court: Agnew filed a motion to suppress that was denied by the trial court; Agnew argues on appeal that the trial court erred by denying the motion to suppress; the State asserts on appeal that the trial court properly denied the motion because the officer searched the car incident to a valid arrest; all of the briefs in this case were due before

the United States Supreme Court issued its decision in *Arizona v. Gant*, supra; and the search at issue in this case falls squarely within the scope of the Supreme Court's holding in *Arizona v. Gant*. As a result, we vacate the trial court's order denying Agnew's motion to suppress and remand this case to the trial court to conduct a hearing and consider the Supreme Court's holding in *Arizona v. Gant*, supra. A party adversely affected by the trial court's ruling may appeal from that ruling within 30 days after its entry.

*Judgment vacated and case remanded with direction. Phipps and Bernes, JJ., concur.*

### DECIDED JUNE 10, 2009.

*Benfield & Hamilton, Newell M. Hamilton, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, Rocky L. Bridges, Assistant District Attorney*, for appellee.