**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 8, 2019**

# In the Court of Appeals of Georgia

A18A1634. ROBERTS v. THE STATE.

BROWN, Judge.

Jimmy Roberts was charged by accusation with driving under the influence (DUI), less safe; driving on the wrong side of the road; and failure to maintain lane. He appeals the trial court's order granting the State's motion to present evidence of a prior DUI violation pursuant to OCGA § 24-4-417 ("Rule 417"). He contends that the trial court erred by (1) concluding that the State provided sufficient notice of its intent to offer evidence pursuant to Rule 417; (2) failing to apply the balancing test in OCGA § 24-4-403 to the admission of the prior DUI; and (3) sua sponte reopening the evidence during the similar transaction hearing to allow the State to present additional evidence after closing arguments were made. Because this case involves the admission of a suspect's refusal to consent to a breath test in a DUI case, we

vacate the trial court's order and remand the case to the trial court for further consideration in light of the Supreme Court of Georgia's recent decision in *Elliott v. State*, ___ Ga. ___ (___ SE2d ___) (S18A1204, decided Feb. 18, 2019).

The record reflects that Roberts was pulled over while driving on November 21, 2014, and failed a field sobriety test. After refusing to complete any further field sobriety tests, Roberts was placed under arrest and read the implied consent notice. He refused to take the state administered test, and, as noted previously, was charged with DUI less safe; driving on the wrong side of the road; and failure to maintain lane.

On September 16, 2015, the State filed notice of its intent to offer into evidence Roberts' October 12, 2013 conviction of DUI less safe (the "prior DUI") pursuant to Rule 417. The notice provided that the prior DUI was similar to the facts of his 2014 DUI in that "a) both incidents involve the same offense [of] driving under the influence; b) both incidents involve the same defendant (identity is therefore established); [and] c) both incidents involve a refusal of a state administered test." The State attached a copy of the accusation as well as a certified copy of Roberts' guilty plea to the offenses of DUI less safe and speeding and his sentencing sheet.

2

At a pre-trial hearing on the day Roberts' trial was scheduled to begin, the trial court concluded that the evidence was admissible, but issued a certificate of immediate review. We granted Roberts' application for interlocutory appeal, and this appeal followed.

After the trial court granted the State's motion and after Roberts filed his notice of appeal, the Supreme Court of Georgia decided *Elliott*, supra. Because the circumstances of this case fall within the scope of the Supreme Court's decision in *Elliott*, we vacate and remand the case to the trial court for further consideration in light of that decision. See *Grimes v. State*, 303 Ga. App. 808, 812 (1) (b) (695 SE2d 294) (2010).

*Judgment vacated and case remanded with direction. Miller, P. J., and Goss, J., concur*.