**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

October 10, 2025

# In the Court of Appeals of Georgia

A25A1233. CHAVEZ et al. v. HANKS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF COOK COUNTY.

PIPKIN, Judge.

Appellants Eduardo Chavez and Alma Rivera filed a complaint for injuries allegedly caused by a Cook County deputy's negligent operation of a sheriff's department vehicle. Initially, the complaint was filed against the Cook County Sheriff's Office, the Cook County Board of Commissioners, and the deputy who allegedly caused the accident; however, the parties eventually agreed that these named defendants should be dismissed and replaced by Douglas Hanks, in his official capacity as Sheriff of Cook County (hereinafter "Appellee"). Thereafter, Appellee filed a motion to dismiss, arguing that the action was barred by sovereign immunity pursuant to OCGA § 36-92-1 et seq. Appellants opposed the motion. The trial court granted

Appellee's motion to dismiss, concluding that the plain language of OCGA §§ 36-92-1 and 36-92-3 did not extend the waiver of sovereign immunity to a sheriff or deputy sheriff. Appellants filed a motion for reconsideration, which the trial court denied.

Appellants filed the instant appeal, and, while this case was pending, this Court issued a decision in *Paulk v. Wilson*, 376 Ga. App. 46 (918 SE2d 95) (2025), which appears to be controlling. Because the circumstances of this case appear to fall within the scope of that decision, we vacate and remand the case to the trial court for further consideration in light of that decision. See *Grimes v. State*, 303 Ga. App. 808, 812-813 (1) (b) (695 SE2d 294) (2010).[1]

*Judgment vacated and case remanded with direction. McFadden, P. J., and Hodges, J., concur.*

---

[1] At the same time, Appellants filed a motion, which they later amended, for leave to add party defendants. In the motion, as amended, they made alternative arguments requesting that they either be allowed to add the original party defendants back to the action, or that they be allowed to substitute the proper party defendant under OCGA § 36-92-3 (b). The trial court denied this motion as well. Because Appellants' motion was made in the alternative, we vacate the trial court's order denying the same and, likewise, remand for further consideration of that motion as well.